UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | |
|---|---|
| ALFONSO C. REYES, | ) |
| Petitioner, | ) Civil Action No. 11-82-HRW |
| v. | ) |
| J. C. HOLLAND, | ) **MEMORANDUM OPINION** |
| Respondent. | ) **AND ORDER** |

**\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\***

Alfonso C. Reyes is confined at the Federal Correctional Institution in Ashland, Kentucky. Reyes, proceeding without an attorney, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and has paid the filing fee. [R. 2] The Court has reviewed the petition, but must deny relief because Reyes may not pursue his claims in a petition for a writ of habeas corpus.

The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520, 2002 WL 31388736, at \*1 (6th Cir. Oct. 22, 2002). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the Court may deny the petition if it concludes that it fails to establish grounds for relief, or otherwise it may make such

disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

In his petition, Reyes asserts that the Bureau of Prisons has improperly denied his request to be transferred to a federal prison in California, closer to his family. Reyes characterizes this error as based upon a misapplication of the "nearer release" provisions of BOP Program Statement 5100.08, and a violation of his right to equal protection guaranteed by the Fifth Amendment. [R. 2-1 at 2] Specifically, while PS 5100.08, Ch. 7 at pg. 4 precludes transfers for "inmates with an Order for Deportation, an Order of Removal, [or] an ICE detainer," Reyes alleges that, while he is subject to deportation, no such formal order or detainer exists against him yet. In its responses to his administrative remedies, BOP officials stated that because Reyes was a citizen of Mexico and hence a "Deportable Alien," he could not be transferred.

The Court will deny the petition for lack of subject matter jurisdiction, as Reyes may not assert his claims in a habeas corpus petition pursuant to 28 U.S.C. § 2241. A Section 2241 petition can be used to challenge the fact or duration of a prisoner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). But a challenge to the BOP's determination of whether to transfer an inmate to another institution is a quintessential "conditions of confinement" claim which must be asserted under the civil rights laws. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Ganim v. Fed. Bureau of Prisons*, 235 F. App'x 882, 883-84 (3d Cir. 2007) (challenge to BOP's refusal to transfer petitioner to facility closer to family may not be pursued under Section 2241); *Daniel v. Craig*, Nos. 5: 07-CV00465, 00577, 2008 WL 644883, at *2 (S.D. W.Va. Mar. 7, 2008) (*Bivens* action, not habeas petition, is proper

avenue to seek transfer to a different facility); *Pischke v. Litscher*, 178 F.3d 497 (7th Cir. 1999) ("habeas corpus cannot be used to challenge a transfer between prisons.")

When a prisoner files a habeas petition asserting claims which must be raised in a civil rights action, the district court should deny the petition without prejudice to allow the prisoner to assert the claims under the proper method. *Martin*, 391 F.3d at 714; *Richmond v. Scibana*, 387 F.3d 602, 605-06 (7th Cir. 2004). The denial of this petition will therefore be without prejudice. Reyes may re-assert his claims by the proper means by filing a new civil action under the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

Accordingly, **IT IS ORDERED** that:

1. Alfonso C. Reyes's petition for a writ of habeas corpus [R.2] is **DENIED**.

2. The Court will enter an appropriate judgment.

This 16th day of August, 2011.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge